UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD COLEMAN,

       Plaintiff,                        CIVIL ACTION NO. 04 CV 74782 DT

       v.                                DISTRICT JUDGE PAUL D. BORMAN

JO ANNE B. BARNHART,            MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security Disability case comes before the court on the parties' cross-motions motion for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be **GRANTED** and that plaintiff's motion be **DENIED**.

### II. Background

Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on December 10, 2001, claiming that he was disabled due to low back pain, with a disability onset date of November 15, 2000.[1] (Tr. 45, 57-60) Plaintiff was 39 years of age when he filed the application. The Social Security Administration (SSA) denied the claim on April 27, 2002. (Tr.

---

[1] Plaintiff injured his back on November 15, 2000, during the course of his employment at a healthcare facility. He hurt his back while attempting to lift a heavy laundry bag.

35-39)  Plaintiff then requested a hearing before an administrative law judge (ALJ).  (Tr. 43)  The hearing was held on November 21, 2003.  (Tr. 188-231)  On February 11, 2004, the ALJ issued a decision denying plaintiff's claim.  (Tr. 12-23)  The ALJ determined that plaintiff had degenerative disc disease, that the condition was "severe" within the meaning of 20 C.F.R. § 404.1520, and that he had non-severe obesity and depression, but that he did not have an impairment or combination of impairments that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations.  (Tr. 22)  The ALJ further determined that plaintiff, notwithstanding his impairments, had the residual functional capacity (RFC) to perform "sedentary exertional work with the following restrictions: no lifting or carrying over five pounds; the option to sit or stand at will; and work that does not involve unprotected heights, dangerous moving machinery, or open flames and bodies of water."  (Tr. 22-23)  Based on the hearing testimony of a vocational expert (VE), the ALJ concluded that there were a significant number of sedentary jobs in the State of Michigan that plaintiff could perform.  (Tr. 23)  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.  Id.

Following the ALJ's denial of his application, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council.  (Tr. 9-11)  The Appeals Council denied the request on October 15, 2004.  (Tr. 6-8)  The ALJ's decision thus became the final decision of the Commissioner.  On December 8, 2004, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  As noted above, the matter comes before the court on the parties' cross-motions for summary judgment.  Plaintiff contends in his motion that the ALJ

improperly injected his personal views into the proceedings and that the ALJ posed an inaccurate hypothetical question to the VE regarding plaintiff's capacity to work. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims.  20 C.F.R. § 404.1520.  As discussed in Foster, id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is

substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

### IV.  Analysis

#### A.  Expression of Personal Opinions by ALJ

Plaintiff contends that the ALJ injected his personal opinions into the proceedings and based his decision thereon rather than on the legal rules and standards set forth in the Social Security Act and the accompanying regulations.

"The prerequisite for disqualifying personal bias...is that the alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.... It must arise out of the judge's background and association and not from the judge's view of the law." Garner v. U.S., 846 F.2d 1029, 1031 (6th Cir. 1988)(citations omitted).  Having reviewed the hearing transcript and the ALJ's findings, the court is satisfied that the ALJ properly based his decision upon the evidence contained in the record.  Though the ALJ did express certain personal views regarding the Social Security laws and briefly referred to his own experience with a physical impairment, these comments do not demonstrate that the ALJ ignored the law and the evidence in favor of his own personal views in denying plaintiff's claim.  As the Sixth Circuit stated in Garner, 849 F.2d at 1031, "[i]t may be sound advice to all judges and judicial officers to be as temperate as possible when rendering decisions.  It would, however, be a great disservice to imply that a vigorous expression of views on a subject appropriately before the tribunal can become evidence of

judicial bias." Based on the foregoing, the court finds that there is insufficient evidence of bias on the part of the ALJ to warrant a reversal of his decision.

### B.  Accuracy of Hypothetical

As indicated above, the ALJ found that plaintiff had the RFC to perform "sedentary exertional work with the following restrictions: no lifting or carrying over five pounds; the option to sit or stand at will; and work that does not involve unprotected heights, dangerous moving machinery, or open flames and bodies of water." (Tr. 22-23)  At the hearing, the ALJ posed a hypothetical question to the VE incorporating this RFC determination, and in response thereto, the VE testified that a person with such limitations was capable of working as a parking lot attendant and an information clerk. (Tr. 218)  The VE further testified that there were over 9,000 such jobs in the regional economy. Id.  Based on the testimony of the VE, the ALJ concluded that plaintiff was capable of performing a significant number of jobs in the regional economy and, therefore, that he was not disabled.

Substantial evidence to support to support a finding that a claimant is not disabled "may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments.'" Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987)(citations omitted).  Plaintiff contends that the hypothetical posed by the ALJ did not accurately portray his physical limitations and, therefore, that the VE's testimony does not support the ALJ's conclusion that plaintiff is not disabled.

Plaintiff's main argument in this regard is that the ALJ, in forming the hypothetical, improperly rejected the restrictions recommended by Dr. D.L. Newman, a treating physician, in a report dated April 24, 2002.  In that report, Dr. Newman indicated, among other things, that plaintiff could sit for only 15 minutes at a time, that he could stand or walk for only 10 minutes at a time, that he could sit, stand, or walk for no more than one hour out of an eight-hour workday, that he could not lift or carry any amount of weight, that he could never bend, squat, crawl, climb, or reach, and that he needed to lie down for 90 percent of the day to relieve his pain. (Tr. 174)  Thus, Dr. Newman found, in essence, that plaintiff was totally disabled.  The ALJ concluded the following with regard to Dr. Newman's findings:

> With regard to the nature and severity of the claimant's impairment, Dr. Newman's opinion is not entitled to controlling weight, nor is it entitled to deference and adoption for the following reasons.  Dr. Newman is a family practitioner with no specialized medical training in the field of plaintiff's impairment.  His repeated suggestions for specialized consultation and his recommendations that the claimant follow treatment recommendations from the other treating source acknowledge that fact.  His diagnoses are based on discrepant findings, earlier identified by an orthopedic surgeon.  His treatment began only in March 2002 and consists only of monthly visits that included physically [sic] examination, restatement of the diagnoses, review of the claimant's symptoms, and discussion of treatment and recommendations from the other treating source.  Dr. Newman's opinions of the claimant's disability and residual functional capacity cannot be credited, as these issue are reserved to the Commissioner.

(Tr. 20)

"In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once."  Walters v. Commissioner of Social Sec., 127

F.3d 525, 529-30 (6th Cir. 1997). Indeed, 20 C.F.R. § 404.1527(d)(2) provides that a treating source's opinion regarding the nature and severity of a claimant's condition is entitled to controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. However, as is suggested by the regulation, the ALJ is not bound by a treating physician's opinion if that opinion is not supported by sufficient clinical findings or is otherwise inconsistent with other substantial evidence in the record. See Walters, 127 F.3d at 530.

The ALJ set forth a number of valid reasons why Dr. Newman's opinion was not given controlling or significant weight. The ALJ noted that Dr. Newman is not a specialist in the area of back impairments, a finding to which plaintiff has raised no objection. A physician's knowledge and expertise in a given area is a proper factor for consideration in determining the weight to be given the physician's opinion. See 20 C.F.R. § 404.1527(d)(5)("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist"). Further, as the ALJ noted, Dr. Newman did not have an extensive treatment history with plaintiff. In fact, Dr. Newman rendered the aforementioned assessment of plaintiff's physical capabilities after only his second examination of plaintiff. The ALJ was well within his discretion in discrediting Dr. Newman's opinion based upon his limited history with plaintiff. See 20 C.F.R. § 404.1527(d)(2)(I) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source the more weight we will give to the source's medical opinion"). The ALJ also noted that Dr. Newman's opinion regarding the extent of plaintiff's physical limitations

lacked objective medical support, a conclusion with which the court agrees.  While Dr. Newman cited the results of an MRI in the report in question, he provided no explanation as to why the MRI results warranted such severe restrictions, and he provided no other explanation as to why such restrictions were necessary.  See 20 C.F.R. § 404.1527(d)(3)("The more a medical source presents relevant evidence to support and opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.  The better an explanation a source provides for an opinion, the more weight we will give that opinion.")  Based on the foregoing, the court finds that the record supports the ALJ's determination that Dr. Newman's opinion was not entitled to controlling or significant weight.

In forming his RFC determination, and the related hypothetical, the ALJ indicated that he placed heavy reliance on the opinions of the various Henry Ford Health System network physicians who examined plaintiff.  The ALJ's RFC determination is generally consistent with these opinions.[2]  Plaintiff has not objected to the ALJ's reliance on the opinions of the Henry Ford physicians.  Rather, he simply states that the ALJ erred in discrediting Dr. Newman's opinion.  As discussed above, the court disagrees.  Moreover, in reviewing the ALJ's decision, it is not the role of the court to resolve conflicts in the evidence.  Rather, the court's role is limited

---

[2]From the beginning of the treatment relationship to January 4, 2002, these physicians generally indicated, with minor exceptions, that plaintiff was capable of working with the following restrictions: no lifting of in excess of 15 pounds, no excessive bending, and no prolonged standing or walking.  (Tr. 85, 88, 90, 91, 95, 98, 102, 104)  These restrictions were subsequently changed to lifting of no more than five pounds, no excessive bending, and seated work with a sit/stand option.  (Tr. 84, 184-85)  Certain shift-length restrictions were also included in the amended restrictions, but the ALJ found that the record did not support such restrictions.  Plaintiff has raised no objections to the ALJ's findings in this regard.

to determining whether the ALJ's decision is supported by substantial evidence.  Foster, supra, 279 F.3d at 353.  Dr. Newman and the Henry Ford physicians were treating physicians, and their respective opinions were substantially in conflict.  The ALJ reasonably resolved this conflict, and his resolution is entitled to deference given the limited scope of the court's review.

Plaintiff further contends that the ALJ improperly ignored testimony by the VE that all work would be precluded under the restrictions recommended by Dr. Newman and that all work would be precluded if plaintiff regularly missed three days per month due to his symptoms.  (Tr. 219-20)  Plaintiff's argument is without merit.  Again, the ALJ found, for good reason, that Dr. Newman's opinion was not entitled controlling or significant weight.  Thus, the ALJ reasonably rejected testimony based upon that opinion.  As to the VE's testimony regarding work absences, there does not appear to be any evidentiary basis for the three day per month figure.  None of the physicians who examined plaintiff opined that plaintiff could be expected to miss three days of work per month due to his symptoms.  Absent any record support for such a limitation, the court cannot say that the ALJ erred in rejecting that portion of the VE's testimony.

Plaintiff has otherwise raised no specific objections to the accuracy of the RFC determination, the hypothetical posed by the ALJ, or the ALJ's reliance on the VE's testimony.  Accordingly, the court finds that the hypothetical accurately portrayed plaintiff's physical limitations and that the VE's testimony in response thereto constitutes substantial evidence to support the ALJ's determination that plaintiff is not disabled.

### IV.  Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's cross-motion be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                        s/Virginia M. Morgan
                                        VIRGINIA M. MORGAN
Dated:  May 26, 2005          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARNOLD COLEMAN,

        Plaintiff,                  CIVIL ACTION NO. 04 CV 74782 DT

  v.                                DISTRICT JUDGE PAUL D. BORMAN

JO ANNE B. BARNHART,        MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record and the Social Security Administration by electronic means or U.S. Mail on May 26, 2005.

                          s/Jennifer Hernandez
                          Case Manager to
                          Magistrate Judge Morgan